**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



_Mary Ann Whipple_
United States Bankruptcy Judge

Dated: May 31 2012

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 12-31142 |
| | ) | |
| Real America, Inc., | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

### ORDER

On May 25, 2012, the court entered a preliminary order, [Doc. # 97], after an evidentiary hearing on a motion filed by Debtor for relief from the court's May 9, 2012, order granting Citizens Bank relief from stay and abandonment of its collateral, [Doc. # 78]. The May 9, 2012, order was entered under the default provisions in the court's agreed interim order authorizing use of cash collateral, [Doc. # 75], and as a result of Debtor failing to make timely the adequate protection payment to Citizens Bank required under the interim cash collateral order.

In its May 25 order, the court vacated, effective immediately, its May 9 order abandoning Citizens' collateral but conditioned entry of an order vacating relief from the automatic stay on Debtor paying the reasonable attorneys' fees and expenses, including the fees and expenses of the state court receiver and his counsel, that were incurred by Citizens through May 22, 2012, as a proximate result of Debtor's failure to make timely the required adequate protection payment. At the hearing on its motion, Debtor clarified that

the procedural basis for asking the court to vacate its May 9, 2012, order was Rule 60(b)(1) of the Federal Rules of Civil Procedure, which applies in this proceeding under Rule 9024 of the Federal Rules of Bankruptcy Procedure.

Under Rule 60(b), courts are authorized "[o]n motion and just terms" to relieve a party from a final order if any one of six substantive grounds for relief apply. The court rendered oral findings of fact and conclusions of law at the hearing determining that Debtor established grounds for relief under Rule 60(b)(1) for mistake, inadvertence, or excusable neglect in its undisputed default that resulted in the court's May 9 order. But the court also determined that "just terms" required that vacating the May 9 order be conditioned on rectifying the monetary prejudice resulting from Debtor's default in the terms of the agreed cash collateral order and Citizens Bank's reliance on the May 9 order in the interim in reviving its collection efforts against Debtor through the pending pre-petition state court action and receivership. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1182 n.3 (3d Cir. 1984); *Morisse v. Defensive Instruments, Inc.*, 55 F.R.D. 433, 435 (E.D. Wis. 1972 (payment of plaintiff's counsel fee a proper condition to Rule 60(b) vacation of judgment); *BN1 Telcomms., Inc. v. Fireworks of America Ltd. Corp. (In re BN1 Telcomms., Inc.)*, 236 B.R. 238, 242 (Bankr. N.D. Ohio 1999)(imposing reimbursement of attorney's fees as a condition of vacating a default judgment); *Iowa Oil Co. v. T Mart, Inc. (In re Iowa Oil Co.)*, 299 B.R. 555, 563 (Bankr. N.D. Iowa 2003)(same). In order to implement this condition, the court directed Citizens Bank to file an itemization of the claimed above- described fees and expenses by May 30, 2012. That itemization having been filed, [Doc. # 105], and having reviewed the fees and expenses set forth therein, as discussed below, the court finds fees in the total amount of $6,847.50 and expenses in the total amount of $194.00 to be reasonable and to have been reasonably incurred as a result of Debtor's failure to make timely the adequate protection payment.

## **DISCUSSION**

Citizens Bank has submitted an itemization of fees and expenses that includes (1) attorney fees of Hunter and Schank Co., L.P.A., which represents Citizens in this bankruptcy case, (2) state court receiver fees and expenses, and (3) attorney fees incurred by the receiver. The total fees and expenses on the itemization are $10,097.00.

Prior to commencement of this Chapter 11 case by Real America, Inc., a foreclosure action had been commenced in state court to foreclose liens on property owned by Debtor, as well as property owned by U.S. Erie Islands Development LLC ("Erie Islands") on Middle Bass Island in Ottawa County, Ohio, and

a receiver had been appointed. Together, the property subject to the foreclosure action is known as St. Hazard's Resort. The receivership included assets owned by Real America, Erie Islands and Hazards Adventures Company. Only Real America filed for bankruptcy relief with the commencement of this voluntary Chapter 11 case on March 15, 2012. Thus, the state court receivership continued with respect to the other entities and assets. The court draws its facts in this regard from on the evidence and facts from a prior extensive evidentiary hearing held on April 2, 2012, on a motion to dismiss filed by the United States Trustee and on a motion to excuse the receiver's compliance, as a custodian, with 11 U.S.C. § 543.

With this background in mind, the court reviews the statement of fees of counsel for Citizens, the state court receiver and counsel for the receiver. Generally, in determining the reasonableness of a professionals' fees and expenses, the court considers its Guidelines for Compensation and Expense Reimbursement of Professionals ("Guidelines"). Under those guidelines, time entries must identify the matter involved and the services rendered. "Mere notations of telephone calls, conferences, research, drafting, etc., without appropriately identifying the matter involved, may result in disallowance of the applicable time." Guidelines, ¶ 9.[1] Also, when separate tasks are performed on a single day, the time required for each task must be disclosed. *Id.* at ¶ 10. The court applies these guidelines in reviewing the fees submitted in order to determine whether fees and expenses submitted are those that resulted from Debtor's failure to make timely the adequate protection payment required by the court's agreed interim cash collateral order.[2]

The court finds that the fees of Hunter and Schank Co., L.P.A., ("Hunter and Schank") in the amount of $860.50 are reasonable and were reasonably and proximately incurred as a result of Debtor's failure to make timely the required adequate protection payment. Hunter and Schank are experienced bankruptcy counsel in this court, a fact that shows in itemization of its fees. Its fee statement complies with the Guidelines, and the hourly rates of $200 for the assigned attorney and $90 for the assigned paralegal are reasonable and well within the range of hourly rates for attorney's fees routinely reviewed and approved by this court. Individual tasks are specific as to the nature of the services rendered and multiple tasks undertaken on one day are separated and itemized. Each task relates directly to Debtor's default under the

---

[1] The Guidelines are found at www.ohnb.uscourts.gov, by following "Attorney Information" and "Compensation Guidelines."

[2] This analysis is for the specific purposes indicated in this order. Nothing in this order is intended to limit or affect the state court's routine review and approval of the receivership fees and expenses to the extent not otherwise paid through this series of order in this court.

cash collateral order, implementing the default provisions of the order and then coordinating and responding to the aftermath, including Debtor's motion for relief from the May 9 order. The court finds that Citizens Bank is prejudiced if the May 9 order is vacated and it has to bear Hunter and Schank's fees incurred in reasonable reliance on two orders of this court.

However, with respect to state court receiver Mark Abood's ("Abood") fees and expenses and those of Ziegler Metzger LLP ("Ziegler Metzger") of Cleveland, Ohio, as counsel for the receiver, the court finds certain adjustments are necessary. The adjustments and exceptions are noted below. The hourly rates are not clearly stated in the fee statements, nor are the professionals indentified by name and status as attorney's or paralegals. The court is familiar with "KWR" of Ziegler Metzger as being Kirk Roessller, who is appointed counsel for Abood, and can extrapolate the hourly rates from the fee statements. The court also infers from those rates that the other two Ziegler Metzger individuals rendering services to Abood whose initials appear on the statement are lawyers. Abood brings a background in both law and accounting to his position as receiver, and his fee statement is calculated at an hourly rate of $190. Roessler's hourly rate is $250 and the fees for the other two individuals billing time to the account are calculated at an hourly rate of $225. While this court is not familiar with their qualifications and experience as it is with Hunter and Schank's, the hourly rates of Abood and the lawyers are all well within the range of reasonableness for services of a like nature routinely performed and compensated in this court. Except as stated below, the court finds that the entries on the respective statements constitute reasonable fees that were reasonably and proximately incurred as a result of Debtor's failure to make timely the required adequate protection payment and the ensuing May 9 order. And except as stated below, the court finds that the receivership estate is prejudiced if the May 9 order is vacated and it has to bear Abood's and Ziegler Metzger's fees incurred in reasonable reliance on that order.

**RECEIVER'S STATEMENT EXCEPTIONS**

|  |  | $ 2,907.00 | **TOTAL STATEMENT AMOUNT FOR FEES** |
|---|---|---|---|
| **DATE** | **TIME** | **AMOUNT** | **REASON EXCEPTED** |
| 05/07/12 | .50 | $ 95.00 | Date before order. Nature of hearings as related to default unclear from general description. |
| 05/08/12 | .70 | $ 133.00 | Date before order. Nature of phone calls as related to default unknown from general description. |

| Date | Time | Amount | Description |
|---|---|---|---|
| 05/09/12 | 2.00 | $ 380.00 | Hearing in state court on same date order entered. Prescheduled hearing on non-debtor receivership estates not primarily related to default. |
| 05/14/12 | .70 | $ 133.00 | Nature of phone calls, e-mails, research as related to default unknown from general service description. |
| 05/17/12 | 1.30 | $ 247.00 | Nature of phone calls, e-mails, letter as related to default unknown from general service description. |
| 05/18/12 | .80 | $ 152.00 | Nature of phone calls, e-mails, letter as related to default unknown from general service description. |
| | **6.00** | **$ 1,140.00** | **TOTALS FOR RECEIVER FEES EXCEPTED** |
| | | **$ 1,767.00** | **TOTAL FEES INCLUDED BY COURT** |

**COUNSEL'S STATEMENT EXCEPTIONS**

| | | $ 6,035.00 | **TOTAL STATEMENT AMOUNT** |
|---|---|---|---|
| **DATE** | **TIME** | **AMOUNT** | **REASON EXCEPTED** |
| 05/11/12 | .10 | $ 25.00 | Service description too general to connect to default services. |
| 05/14/12 | .40 | $ 100.00 | Nature of correspondence from receiver as related to default unknown from service description. |
| 05/15/12 | 2.30 | $ 517.50 | Liquor license not a Real America asset. Related to ongoing receivership estate. |
| 05/16/12 | .80 | $ 180.00 | Liquor license not a Real America asset. Related to ongoing receivership estate. |
| 05/18/12 | .70 | $ 157.50 | Liquor license not a Real America asset. Related to ongoing receivership estate. |
| 05/21/12 | .10 | $ 25.00 | Nature of correspondence from receiver as related to default unknown from service description. |

| | | | |
|---|---|---|---|
| 05/22/12 | 3.60 | $ 810.00 | Lump description of services related to default (villa/RV rentals) and services not related to default (liquor permit issues).  No basis for determining fees for related services. |
| | **8.00** | **$ 1,815.00** | **TOTALS FOR COUNSEL'S FEES EXCEPTED** |
| | | **$ 4,220.00** | **TOTAL FEES INCLUDED BY COURT** |

Abood's statement also includes a request for reimbursement of expenses in the total amount of $293.50. Of that amount, the mileage requested for his travel from Cleveland, Ohio of $199.00 will be cut in half to account for exception of the fees for the May 9, 2012, hearing in Ottawa County Common Please Court, resulting in total included expenses of $194.00.

In summary, the court finds that "just terms" as a condition for vacation of the May 9, 2012, court order require Debtor to pay from a permitted source(s) other than Citizens Bank's cash collateral the total amount of $7,041.50 calculated as follows:

| PROFESSIONAL | INCLUDED AMOUNT |
|---|---|
| Hunter and Schank Co., L.P.A. Fees | $    860.50 |
| Mark Abood Fees | $ 1,767.00 |
| Mark Abood Expenses | $    194.00 |
| Ziegler Metzger LLP Fees | $ 4,220.00 |
| **TOTAL** | **$ 7,041.50** |

**THEREFORE,** for good cause shown and based on the foregoing reasons, and further in accordance with the court's May 25, 2012, preliminary order,

**IT IS ORDERED** that a final order vacating the court's May 9, 2012, Order Granting Relief from Stay and Abandonment will be entered only on condition that, on or before **June 5, 2012,** Debtor pay to the specified professionals the attorney fees and receiver fees and expenses in the total amount of $7,041.50 and file with the court a certification that said payments have been made.  If Debtor fails to satisfy timely this condition, the provisions of the court's May 9, 2012, order as to abandonment will be reimposed and Debtor's motion for relief from that order will be finally denied.

###