**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

**Dated: June 14 2012**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 12-31142 |
| | ) | |
| Real America, Inc., | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

## ORDER DENYING MOTION FOR AUTHORITY TO USE CASH COLLATERAL

This case came before the court for further evidentiary hearing on June 11, 2012, on Debtor's motion for continued authority to use cash collateral. [Doc. # 58]. Secured Creditor Citizens Bank ("the Bank") has not consented and objects to Debtor's continued use of its interest in cash collateral, which interest Debtor has not disputed, after a previous agreed interim order in which there was a default.

At a hearing held on June 6, 2012, the court initially declined to authorize further use of cash collateral but permitted Debtor to prepare an amended budget that addressed all projected expenses through August 31, 2012. The omitted expenses that the court identified as needing to be addressed included real property taxes that will accrue in July and August and adequate protection payments to the Bank, based on the amount previously agreed to by the parties, during those same months. The budget period through August 31, 2012, was directed by the court as the relevant, indeed critical, time period for Debtor's post-petition operations because of the limited summer seasonal nature, now already fast upon us, of Debtor's business as a resort on Middle Bass Island in Lake Erie. Debtor's originally proposed budget for the

relevant time period did not include those expenses and the projected budgeted revenues were insufficient to allow Debtor to pay those expenses.

Debtor has submitted a revised budget that includes the accrued property tax expense and proposed adequate protection payments. [*See* Doc. # 134]. In order to cover all of its expenses through August 31, 2012, Debtor's budget was also revised to show, among other things, that revenues to be collected from the St. Hazards Condominium Association ("the Association") must total $27,000, an increase of $7,000 from Debtor's original budget. Revenues to be collected from the Association for the provision of water, sewer and television services represent approximately 25% of Debtor's amended total proposed and budgeted sources of cash through August 31, 2012. However, no payments have been made by the Association since August 2011 due to an ongoing bitter dispute over the quality of the water provided to the condominium owners by Debtor. At the June 6 hearing, the court explicitly identified the revenue side of the proposed cash collateral budget as a source of immediate and emergent concern given the additional expenses that needed to be met during the cash collateral period in order to adequately protect the Bank's interest in cash collateral. But there has been no progress since the June 6 hearing in resolving this dispute. No action has been commenced to collect the budgeted fees that Debtor claims are owed to it by the Association. The Association has shown abundantly through the statements of its counsel made at other court hearings and repeated again on June 11 that it has no interest in paying the amount asserted by Debtor to be owed, or, it would appear to this court, in working at this time with Debtor's management to address the issues cooperatively, notwithstanding Debtor's principal's testimony that progress had been made leading up to June 6 in trying to address both parties' problems on a consensual basis. [*See* Doc. # 96, ¶ (D), May 25, 2012, Order re Status Conference directing immediate attention to Association receivable]. Under the circumstances, the yet increased reliance presented by Debtor on recovery from the Association of the disputed account receivable (as well as $2,000 in additional proposed revenue from the Association) as a material source of operating cash through August 31, 2012, lacks any persuasive foundation.

For these reasons, and as otherwise stated by the court at the hearings, including the seasonal nature of Debtor's business, the court finds that Debtor has failed to show a reasonable probability that its revenues will be sufficient such that the Bank's interest in its cash collateral can be adequately protected based on the high degree of unreliability with respect to 25% of the revenues in the amended budget presented.

**IT IS THEREFORE ORDERED** that Debtor's motion for authority to use cash collateral [Doc.

# 58] be, and hereby is, **DENIED.**[1]



[1]The court orally stated its decision to deny Debtor's motion to use cash collateral on the record at the conclusion of the hearing on June 11. At the same time, the court also orally stated on the record its decision to grant the United States Trustee's motion to dismiss this case, in part due to the lack of post-petition financing resulting from denial of authority to use the Bank's cash collateral. Before the written orders memorializing the court's two oral orders from the June 11 hearing could be formalized and entered of record on the case docket, Debtor filed on June 13, 2012, a document called Notice of Newly Discovered Facts Pertaining to Debtor's Budget for Use of Cash Collateral ("Notice"). [Doc. # 135]. The Notice asks the court to consider a proposed factoring agreement for the disputed Association receivable "prior to ruling on the matters before the court on June 11, 2012." But the court has already ruled on those motions notwithstanding that the confirming written orders have not yet been entered of record. The evidentiary record on them is closed. The Notice is not the proper procedural context to bring forward the stated facts. The Notice and its contents are therefore being disregarded by the court in memorializing its oral rulings of June 11, 2012.