**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

**Dated: June 14 2012**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 12-31142 |
| | ) | |
| Real America, Inc., | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

### ORDER GRANTING MOTION TO DISMISS

This case came before the court for hearing on June 11, 2012, on the Motion of the United States Trustee to Dismiss [Doc. # 123], and Debtor's response [Doc. # 127]. The UST seeks an order dismissing the case for cause under 11 U.S.C. § 1112(b). Under § 1112(b), "cause" includes "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." 11 U.S.C. § 1112(b)(4)(A). This is the second motion to dismiss this case filed by the United States Trustee. The first motion was filed less than two weeks after the case was commenced on March 15, 2012, and denied without prejudice on April 6, 2012, after an evidentiary hearing held on April 2, 2012.

Also before the court at the June 11, 2012, hearing was Debtor's motion for authority to use cash collateral, which the court denied, finding that Debtor failed to show a reasonable probability that its revenues will be sufficient such that the interest of Secured Creditor Citizens Bank ("Bank") in its collateral would be adequately protected. Debtor has no ability to reorganize or to operate without administrative

insolvency without authority to use the Bank's cash collateral. To permit Debtor to continue to incur expenses without authorization to use cash collateral and in the absence of a reasonable likelihood of rehabilitation given the lack of authorized post-petition operating funding is resulting in a continuing loss to the bankruptcy estate as summer resort operations proceed without any identified and authorized sources of cash. 11 U.S.C. § 1112(b)(4)(A).

For example, UniTech, the Ohio-EPA required operator and consultant for the resort's self-contained water and sewer plant operations, remains under retention and continues to render ongoing services to Debtor without any present basis to pay for its continued invoices. Likewise utilities are on and persons engaged by Debtor to keep operations going are doing their jobs without a source of funds for payment.

Under these time-critical circumstances given the limited seasonal nature of Debtor's summer resort operations on Middle Bass Island in Lake Erie, the lack of authorized post-petition funding is a material impediment not only to continuing post-petition operations but to the reorganization plan process. The court finds that there is not a reasonable likelihood that a plan will be confirmed within a reasonable time period. Nor given the lack of critical operational funding were there extraordinary circumstances identified that make dismissal a result that is not in the best interest of creditors. The motion was not opposed by any creditor or party in interest besides Debtor.

The court notes that there is a pending receivership in Ohio state court initiated by the Bank that included Debtor at case filing, as well as other non-debtor entities affiliated and having common ownership with Debtor and with interests in certain aspects of resort operations. Judicial involvement and oversight of ongoing Debtor-creditor disputes and Debtor's business can return to and reside in state court, making conversion to Chapter 7 as an alternative remedy to dismissal unnecessary and inappropriate relief in this case.

For these reasons, and those otherwise stated by the court at the hearing,

**IT IS ORDERED** that the Motion of the United States Trustee to Dismiss [Doc. # 123] be, and hereby is, **GRANTED.**[1]

---

[1] The court orally stated its decision to grant the United States Trustee's motion to dismiss this case on the record at the conclusion of the hearing on June 11. At the same time, the court also orally stated on the record its decision to deny Debtor's motion to use cash collateral. Before the written orders memorializing the court's two oral orders from the June 11 hearing could be formalized and entered of record on the case docket, Debtor filed on June 13, 2012, a document called Notice of Newly Discovered Facts Pertaining to Debtor's Budget for Use of Cash Collateral ("Notice"). [Doc. # 135]. The Notice asks the court to consider a proposed factoring agreement for the disputed Association receivable "prior to ruling on the matters before the court

2

12-31142-maw    Doc 139    FILED 06/14/12    ENTERED 06/14/12 14:13:02    Page 2 of 3

---

on June 11, 2012." But the court has already ruled on those motions notwithstanding that the confirming written orders have not yet been entered of record. The evidentiary record on them is closed. The Notice is not the proper procedural context to bring forward the stated facts. The Notice and its contents are therefore being disregarded by the court in memorializing its oral rulings of June 11, 2012.